5 F.3d 547
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re Joann SAINZ-DEAN, Debtor.
UNION PLANTERS NATIONAL BANK, Appellant,
v.
Joann SAINZ-DEAN, Appellee.
 No. 92-1273.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 29, 1993.
 
 Before ANDERSON, BARRETT, and TACHA, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellee Joann Sainz-Dean ("debtor") filed a Chapter 13 Bankruptcy Petition and a Proposed Plan on March 8, 1991. In her Second Amended Plan, filed on September 11, 1991, she proposed to "bifurcate" the claim of Appellant Union Planters National Bank ("Union Planters"), the holder of a note secured by a mortgage on the debtors' principal residence, into a secured claim equal to the fair market value of the residence and an unsecured claim equal to the balance remaining on the note. Because all parties agree that, at the time debtor filed her Chapter 13 Plan, the balance due under the note was $87,426.01 and the fair market value of debtor's home was only $50,000.00, the Plan would treat approximately $37,500 of Union Planter's claim as unsecured.
 
 
 3
 The Bankruptcy Court for the District of Colorado confirmed the Plan, over Union Planters' objection, and the district court affirmed the bankruptcy court's ruling, relying on our decision in Eastland Mortgage Co. v. Hart (In re Hart), 923 F.2d 1410, 1413 (10th Cir.1991) (per curiam), which permitted bifurcation of homestead mortgages. Union Planters appealed, arguing that the rationale of a subsequent Supreme Court case, Dewsnup v. Timm, 112 S.Ct. 773 (1992), implicitly overruled In re Hart.
 
 
 4
 We abated this appeal pending the Supreme Court's decision in Nobelman v. American Savings Bank, 113 S.Ct. 2106 (1993), involving the same issue--i.e. the permissibility of bifurcating an undersecured mortgage under sections 506(a) and 1322(b)(2) of the Bankruptcy Code into a secured claim equal to the fair market value of the residence and an unsecured claim equal to the balance owing to the mortgagee. A unanimous court in Nobelman held that 11 U.S.C. 1322(b)(2) "prohibits a Chapter 13 debtor from relying on section 506(a) to reduce an undersecured homestead mortgage to the fair market value of the mortgaged residence." Id. at 2108.
 
 
 5
 The parties have filed briefs stating their views with respect to the holding in Nobelman. As we have held in Independence One Mortgage Corp. v. Wicks (In re Wicks), No. 92-6134, --- F.2d --- (10th Cir. Sept. 28, 1993), Nobelman applies to cases pending on appeal at the time of its issuance and therefore applies to this case.
 
 
 6
 The debtor attempts to distinguish Nobelman factually from her case, arguing (1) that her Plan proposes to pay to Union Planters approximately 8.4% of the unsecured claim, whereas the Nobelman plan proposed to pay nothing of the unsecured claim; and (2) that Nobelman involved an adjustable rate mortgage, whereas her mortgage is a fixed rate mortgage. Union Planters argues that those factual distinctions are irrelevant, given the rationale of Nobelman. We agree with Union Planters.
 
 
 7
 Nobelman rejected the bifurcation argument primarily because the interpretation of sections 506(a) and 1322(b)(2) leading to the bifurcation result "fails to take adequate account of 1322(b)(2)'s focus on 'rights.' " Nobelman, 113 S.Ct. at 2109. Section 1322(b)(2) protects the "rights" of mortgagee's, not simply their "secured claims," the Court reasoned, and "rights," as defined by state law in the absence of a definition of "rights" in the Bankruptcy Code, include:
 
 
 8
 the right to repayment of the principal in monthly installments over a fixed term at specified ... rates of interest, the right to retain the lien until the debt is paid off, the right to accelerate the loan upon default and to proceed against petitioners' residence by foreclosure and public sale, and the right to bring an action to recover any deficiency remaining after foreclosure.
 
 
 9
 Id. at 2110.[2] Those "rights" are significantly impaired even if, as the debtor here proposes in her Plan, a small portion of the unsecured claim (8.4% in this case) were to be repayed. We therefore reject the debtor's attempt to distinguish her case from Nobelman based on her obligation under her Plan to repay 8.4% of the unsecured portion of Union Planters' claim.
 
 
 10
 Furthermore, bifurcation of a mortgagee's claim into a secured and unsecured claim impairs the mortgagee's rights regardless of whether the loan involved is a fixed or adjustable rate mortgage. The fact that the Nobelman court acknowledged that an adjustable rate mortgage, requiring as it does a recalculation of principal and interest payments each time the interest rate is adjusted, presents an additional "conundrum" if bifurcation is permitted, in no way suggests that bifurcation of a fixed rate mortgage does not modify the rights of the holder of such a mortgage. It simply highlights an additional problem where adjustable rate mortgages are involved. We therefore also reject the debtor's unsupported assertion that Nobelman does not apply to the bifurcation of fixed rate mortgages.
 
 
 11
 For the foregoing reasons, the order of the district court is REVERSED and the case is REMANDED for proceedings consistent herewith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Nobelman dealt with the rights of a mortgagee under Texas law. However, the enumerated rights are typical of those of a mortgagee under most state's laws